**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30295 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-05315-RJB |
| v. | |
| DEREK C. ALEXANDER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted September 27, 2016**

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Derek C. Alexander appeals from the district court's order denying his

motion to reverse his bench-trial convictions for unsafe driving, in violation of 38

C.F.R. § 1.218(b)(33), and disorderly conduct, in violation of 38 C.F.R.

§ 1.218(b)(11).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Alexander contends that there is insufficient evidence to support his convictions. We review sufficiency claims de novo, asking "if viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See United States v. Duran*, 189 F.3d 1071, 1078 (9th Cir. 1999). The government presented sufficient evidence to allow a rational fact finder to conclude beyond a reasonable doubt that Alexander operated his vehicle in an unsafe manner before and during the traffic stop on the morning of January 16, 2015. The government also presented sufficient evidence to allow a rational fact finder to conclude beyond a reasonable doubt that Alexander intended to, and did, disrupt the normal operations of the Veterans Affairs facility by repeatedly screaming at police officers in the lobby of the building and refusing to obey their commands over a prolonged period of time. *See United States v. Agront*, 773 F.3d 192, 199-200 (9th Cir. 2014).

**AFFIRMED.**